BARFIELD, Judge.
This action is before the court on a petition for writ of common law certiorari, pursuant to Florida Rule of Appellate Procedure 9.100, for review of a non-final order of the circuit court affecting discovery. The issue presented is whether the trial court departed from the essential requirements of law by requiring the Department of Professional Regulation (DPR) to answer extensive interrogatories seeking information on every person presently licensed by the State of Florida under chapter 490 as a psychologist (involving 1300 applications). We hold that the court departed from the essential requirements of law and quash the order.
In March, 1984, the Florida Psychological Practitioners Association (FPPA) filed a complaint alleging the facial unconstitutionality of chapter 490, Florida Statutes, and seeking a temporary injunction against enforcement of chapter 490 against the certified members of the association during the pendency of the action. This court affirmed an interlocutory order granting the injunctive relief.
The State Board of Psychology requested the names, addresses, educational background, and professional experience of each member of FPPA, to which FPPA responded with the information on its 21 certified members, as well as its 50 associate members. Approximately one month later, FPPA requested the identical information from DPR for every person presently licensed by the state under chapter 490 as a psychologist, clinical social worker, marriage and family therapist, mental health counselor, and school psychologist. The department responded that the interrogatories would involve approximately 5,541 persons and made the agency’s microfilm records available to FPPA at any time during normal working hours. FPPA moved to compel discovery. The department responded by providing the information which reasonably could be extracted by computer (answering the first five interrogatories) upon payment of the statutory charge ($79.79).
At the hearing on the motion to compel, FPPA orally modified its demand to request the information for psychologists only. The court heard evidence from DPR’s custodian of records that answering the interrogatories would require approximately three months. The court then suggested an alternative: that the files, if they still existed, could be copied and sent to FPPA.
The court then entered its order finding the burden of ascertaining the answers from the records “more burdensome for Plaintiff than for the Defendant” and finding that the responses by the department were “incomplete within the meaning of rule 1.380(a)(3)”, and directed the department to file its answer within 60 days, reserving jurisdiction to consider the award of attorney fees and costs. Petitioner seeks to have the trial court’s order quashed and FPPA directed to perform its discovery utilizing any of the agency’s public records, or, alternatively, to revise its request to a more concise and manageable inquiry.
Florida Rule of Civil Procedure 1.340(c) provides that when the answer to an interrogatory may be derived or ascertained from the records of the party to whom the interrogatory is directed and the burden of deriving or ascertaining the answer is substantially the same for the party serving the interrogatory as for the party to whom it is directed, an answer to the interrogatory specifying the records from which the answer may be derived or ascertained, and offering to give the party serving the interrogatory a reasonable opportunity to examine, audit or inspect the records and to make copies is a sufficient answer. The rule also provides that the answer must be in sufficient detail to permit the interrogating party to locate and identify, as readily as can the party interrogated, the records from which the answer may be derived or ascertained, or shall identify a person or *819 persons representing the interrogated party who will be available to assist the interrogating party in locating and identifying the records at the time they are produced.
FPPA’s interrogatories requested the names and addresses of persons licensed under chapter 490, their education, their professional experience and the certificates they received under chapter 490. The department’s response stated that the information requested in the interrogatories are contained in the micro-film records of the department, that there are approximately 5,541 persons licensed under chapter 490, that the answers to the interrogatories may be derived or ascertained from the records of DPR, that the burden of deriving the answers to the questions is the same for both parties, and that DPR’s business records are made available to FPPA at any time between 8 a.m. and 5 p.m., Monday through Friday, at the address of 130 N. Monroe Street, Tallahassee, Florida, at which time FPPA “will have all reasonable opportunity to examine, audit, or inspect the records and to make copies, compilations, abstracts or summaries from those records.”
FPPA asserted in its motion to compel discovery, and argues to this court, that because it answered similar interrogatories as to its members, DPR should be required to answer the interrogatories with respect to all persons licensed under chapter 490 (or at least all 1300 psychologists). DPR responded that it can retrieve the names and addresses requested in the first five interrogatories by a computer search, which it has requested, and that it will provide the names and addresses to FPPA upon payment of the statutory charges. As to the other interrogatories, DPR asserted that it has no computerized program to retrieve such information, which is a matter of public record and available to FPPA, and that the burden of deriving the answers to the interrogatories would be substantially the same for either party. At the hearing, the trial court heard testimony from the custodian that to answer interrogatories 6-9, a person would need to view the micro-film; that this research would be quite lengthy, approximately 30 minutes for each application; that DPR has no extra staff to do this; that a representative of FPPA could go to DPR’s office and do this research during business hours; that people often come in to view these microfilms; and that there is no difference between what FPPA’s representative would do and what the custodian would do. FPPA argued that because they responded to similar interrogatories without objection; DPR should be required to respond in like manner, and that the only alternative would be for FPPA to take 1,300 depositions. This is patently absurd and obviously misleading, since the other alternative is for FPPA to hire someone to go through the micro-film, just as DPR’s custodian would have to do, to ascertain the answers to the interrogatoi’ies.
The trial court’s order hinges upon its finding that the burden of ascertaining the answers to the interrogatories from DPR’s records is not substantially the same for FPPA as for DPR, and that DPR’s response was incomplete within the meaning of Florida Rule of Civil Procedure 1.380(a)(3). We find no competent substantial evidence to support the trial court’s finding that searching the micro-film would be more burdensome for FPPA than for DPR. DPR’s response complies with the requirements of rule 1.340(c), contrary to the trial court’s finding that the response was incomplete. The trial court has departed from the essential requirements of law by requiring DPR to answer the interrogatories, instead of allowing it to exercise the option provided by rule 1.340(c).
The order of the trial court is QUASHED and the case is REMANDED to the trial court for proceedings consistent with this opinion.
THOMPSON and ZEHMER, JJ., concur.